UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.	Case No. 06-20266

JOHN ROOSEVELT MILLER,	Honorable Patrick J. Duggan

    Defendant.
                                    /

## ORDER DENYING DEFENDANT'S MOTION FOR AN EVIDENTIARY HEARING AND TO APPOINT COUNSEL

On October 20, 2010, Defendant filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. Presently before the Court is Defendant's motion for an evidentiary hearing in which he seeks a hearing to explore the existence of dispatch tape recordings related to his arrest in this matter. In his motion, Defendant also requests that the Court appoint counsel to represent him. The government has filed a response opposing Defendant's motion.

The Court construes Defendant's motion as seeking dispatch tape recordings to uncover information he believes is relevant to (1) how and why the arresting officers were dispatched to the scene where Defendant and two other individuals were located and (2) communications between the police officer who chased Defendant when he took flight upon the officers' arrival and the remaining officers. Having reviewed Defendant's motion and the government's response, the Court is not persuaded that an evidentiary hearing should be held with respect to the issues presented in Defendant's motion. The

Court therefore finds it unnecessary to appoint counsel to represent Defendant at this time. *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings.

As indicated in the government's response brief, the communications between the officer chasing Defendant and the remaining officers took place via walkie-talkie type radios. Thus there are no recordings of those communications.  The Court finds that any recordings of the dispatch directing the police officers to the area where Defendant was located have no bearing on the claims raised in his § 2255 motion.

Defendant seeks this information to challenge the existence of probable cause when the arresting officers arrived at the scene.  This issue is irrelevant, however, because Defendant took flight upon the officers' arrival and was seized for purposes of the Fourth Amendment only subsequently, after he dropped a gun and a bag of drugs.  As a judge in this District has provided:

> "The Fourth Amendment is only applicable to 'searches and seizures' within the meaning of the Constitution.  *Terry v. Ohio*, 392 U.S. 1, 16, 88 S. Ct. 1868, 20 L.Ed.2d 889 (1968); *United States v. Valentine*, 232 F.3d 350, 358 (3d Cir. 2000) (noting that "there can be no Fourth Amendment violation until a seizure occurs"). According to the Supreme Court, "[o]nly when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." *Terry v. Ohio*, 392 U.S. 1, 19 n. 16, 88 S. Ct. 1868, 20 L.Ed.2d 889 (1968); *see also United States v. Mendenhall*, 446 U.S. 544, 552, 100 S. Ct. 1870, 64 L.Ed.2d 497 (1980) (opinion of Stewart, J.). A person is deemed "seized within the meaning of the Fourth Amendment *only if*, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Mendenhall*, 446 U.S. at 554, 100 S.Ct. 1870 (opinion of Stewart, J.) [emphasis added in *Parker*]; see also *Michigan v. Chesternut*, 486 U.S. 567, 573, 108 S. Ct. 1975, 100 L.Ed.2d 565 (1988) (acknowledging that the Supreme Court has embraced the test set forth by Justice Stewart).

*United States v. Parker*, 214 F. Supp. 2d 770, 774 (E.D. Mich. 2002) (Borman, J.).  An

evidentiary hearing therefore is not necessary to assess whether recordings exist that might uncover what the arresting officers in this case were told when they were dispatched to the scene.

Accordingly,

**IT IS ORDERED**, that Defendant's motion for an evidentiary hearing and for appointment of counsel is **DENIED**.

DATE:  February 4, 2011                                         s/PATRICK J. DUGGAN
                                                                UNITED STATES DISTRICT JUDGE

Copies to:
John Roosevelt Miller, #40540-039
FCI Gilmer
Satellite Camp
P.O. Box 7000
Glenville, WV   26351

Terrence R. Haugabook, Esq.
Leroy Soles, Esq.
Stacey M. Studnicki, Esq.