UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

Plaintiff,

v.

Case No. 06-20266
Honorable Patrick J. Duggan

JOHN ROOSEVELT MILLER,

Defendant.
________________________________/

**OPINION AND ORDER DENYING (1) DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND (2) CERTIFICATE OF APPEALABILITY**

On June 28, 2007, following a jury trial before this Court, Defendant John Roosevelt Miller ("Defendant") was found guilty of three counts: possession of cocaine base with intent to deliver, possession of marijuana with intent to deliver, and possession of a firearm in furtherance of drug trafficking. This Court sentenced Defendant on November 5, 2007. The Sixth Circuit Court of Appeals affirmed Defendant's convictions and sentence on March 26, 2009. The United States Supreme Court denied Defendant's petition for a writ of certiorari on October 5, 2009. Presently before the Court is Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed October 20, 2010. The motion is dated October 15, 2010. The Government filed a response to the motion on March 4, 2011; Defendant filed a reply brief on May 2, 2011. For the reasons that follow, the Court denies Defendant's motion.

## I. Factual and Procedural Background

The Sixth Circuit summarized the events leading to Defendant's convictions as follows:

> Miller's convictions stem from events that occurred on the afternoon of May 9, 2006, when Detroit Police officers responded to a complaint that narcotics were being sold at a vacant residence on Lindsay Street. The officers, wearing t-shirts with "Police" written across the front and back, arrived in an unmarked van. Upon seeing the van, Miller and two other men fled in different directions. A foot chase through the neighborhood ensued, during which one of the officers used a hand-held radio to call out directions to other officers as he pursued Miller. The officer testified that he saw Miller drop a firearm and contraband during his flight and notified the other officers as to the location of the items. The chase culminated when Miller entered, without permission, the home of local resident Perry Flowers. Despite Miller's attempt to block the side door, the officer forced it open and arrested Miller. Flowers, who was taking a nap, was awakened by the commotion and witnessed Miller's arrest. Officers recovered a loaded handgun and drugs-individually packaged baggies of marijuana and cocaine-allegedly discarded by Miller during the chase.

*United States v. Miller*, 319 F. App'x 351, 352-53 (6th Cir. 2009) (footnote omitted).

Following his convictions and sentence, Defendant filed a direct appeal raising two issues. First, Defendant argued that the trial court abused its discretion in denying his motion for a mistrial made in the wake of allegedly improper prosecutorial remarks in opening statement. Second, Defendant asserted that he was denied his rights of confrontation and cross-examination because the trial court did not require the government to call as a witness the fingerprint examiner who conducted the fingerprint analysis of the recovered weapon and drugs. The court of appeals rejected both arguments. As to Defendant's first claim, the appellate court held that the prosecutor's

statement, although improper, did not amount to reversible error. *Id*. at 354-55. With respect to Defendant's second claim, the Sixth Circuit held that Defendant's confrontation rights were not violated because the out-of-court statements at issue were offered by, not against, the accused. *Id*. at 356 (citing *United States v. Cromer*, 389 F.3d 662, 671 (6th Cir. 2004)).

Defendant filed a petition for a writ of certiorari, which the United States Supreme Court denied on October 5, 2009. *Miller v. United States*, – U.S. – , 130 S. Ct. 151 (2009).

On October 4, 2010, Defendant filed a motion in this Court to extend the time for filing a motion under § 2255. The motion was dated September 30, 2010. In his motion, Defendant contended that a prison lockdown precluded him from filing his § 2255 motion on or before the applicable statute of limitations expired. In an order filed October 4, 2010, this Court denied Defendant's motion because Sixth Circuit precedent establishes that the timeliness of a § 2255 motion only can be addressed if and when the motion is filed. (10/4/10 Order at 2 (citing *United States v. Moore*, 56 F. App'x 686 (6th Cir. 2003) and *Reed v. United States*, 13 F. App'x 311 (6th Cir. 2001).) The Court indicated that "if and when Defendant files his motion, it may be subject to equitable tolling . . . however, that determination only can be made once the motion has been filed . . .." (*Id.* (emphasis removed).)

As indicated earlier, Defendant filed his § 2255 motion on October 20, 2010. The motion is signed and dated by Defendant on October 15, 2010. In his motion, Defendant

asserts the following as grounds for vacating or setting aside his convictions:

(I) Ineffective assistance of counsel based on the failure to file a motion to suppress evidence (i.e., gun and drugs);

(II) Ineffective assistance of counsel for failure to timely object to a *Batson* violation;

(III) Ineffective assistance of appellate counsel for failure to raise the *Batson* issue on appeal;

(IV) Ineffective assistance of appellate counsel for failure to ask the court of appeals to hold Defendant's direct appeal in abeyance pending the United States Supreme Court's decision in *Melendez-Diaz v. Massachusetts*;

(V) Ineffective assistance of counsel for failure to investigate whether there was probable cause to search and seize Defendant; and

(VI) Violation of Defendant's rights under the Confrontation Clause based on the failure to require the laboratory analyst's testimony.

In his motion, Defendant again asserts that he was precluded from filing his § 2255 due to government interference. Specifically, Defendant indicates that due to the prison lockdown he was not able to comply with a new prison rule requiring all outgoing inmate mail to be labeled with typed stickers. According to Defendant, the only places to download the stickers are the gym and law library. Defendant attached to his motion United States Department of Justice memoranda to demonstrate that there was an institutional lockdown from September 23 through October 12, 2010, and that inmates were confined to their cells during this time period.

In its response to Defendant's § 2255 motion, the Government argues that the motion is untimely and that a nineteen or twenty day lockdown during the one-year

period following the Supreme Court's denial of Defendant's petition for a writ of certiorari does not excuse the untimeliness. The Government contends that Defendant fails to explain how the lockdown period impacted his ability to timely file his motion during the earlier ten to eleven month period. Alternatively, the Government argues that Defendant's grounds for relief lack merit.

## II. Timeliness of the Motion

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996, a one-year limitations period applies to federal prisoners seeking collateral relief. 28 U.S.C. § 2255(f). This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence

*Id*. In this case, the limitations period began to run on the date the Supreme Court denied Defendant's petition for writ of certiorari or October 5, 2009.[1] Absent equitable tolling, it

[1]Defendant's claim under the Confrontation Clause is premised on the Supreme Court's decision in *Melendez-Diaz v. Massachusetts*, – U.S. – , 129 S. Ct. 2527 (2009). The Court, however, issued its decision on June 25, 2009, earlier than its denial of Defendant's petition for writ of certiorari.

expired on October 6, 2010.

The Government acknowledges that the statute of limitations contained in § 2255 is subject to equitable tolling. (Govt.'s Resp. at 6 (citing *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001).) A defendant seeking to file an otherwise untimely § 2255 motion bears the burden of showing that he or she is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit has articulated five factors relevant to determining whether equitable tolling is appropriate:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006) (citing *Dunlap*, 250 F.3d at 1008).

This Court is inclined to find that Defendant is entitled to equitable tolling under the circumstances presented. The Court nevertheless finds it unnecessary to resolve the timeliness issue. The one-year statute of limitations for filing a § 2255 motion is not jurisdictional. *Dunlap*, 250 F.3d at 1004-05. Therefore, a court can bypass the equitable-tolling analysis where the merits of the case "can be resolved in a straightforward manner and will also result in the denial of [the § 2255] motion". *Pough v. United States*, 442 F.3d 959, 965 (6th Cir. 2006). For the reasons that follow, the Court concludes that to be the case here.

**III.   Analysis of Defendant's Grounds for Relief**

**A. Ineffective assistance of counsel based on the failure to investigate whether the police had probable cause to search and seize Defendant and to file a motion to suppress evidence**

Defendant contends that the police lacked probable cause when they responded to the area where Defendant and two other men were found and that therefore his trial counsel provided ineffective assistance by failing to investigate the probable cause issue and file a motion to suppress the contraband subsequently seized. To prevail on an ineffective assistance of counsel claim, a defendant must show two things:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Because Defendant took flight upon the police officers' arrival at his location and was seized for purposes of the Fourth Amendment only after he dropped the gun and drugs, his trial counsel was not deficient in failing to investigate the probable cause issue or file a motion to suppress.

As the Supreme Court held in *California v. Hodari*, a police officer's show of authority does not constitute a seizure within the meaning of the Fourth Amendment absent physical contact restraining the defendant or the defendant's submission to the assertion of authority. 499 U.S. 621, 626, 111 S. Ct. 1547, 1550-51 (1991). In *Hodari*,

the Court therefore held that the drugs abandoned by the defendant while fleeing in response to the officer's show of authority were not the fruit of a seizure. *Id*. at 629, 111 S. Ct. at 1552. Similarly, the gun and drugs abandoned by Defendant during his flight from the officers was not the fruit of a seizure and thus there was no basis for trial counsel to investigate the probable cause issue or move to suppress the contraband.

Accordingly, Defendant's ineffective assistance of counsel claims based on his trial counsel's failure to investigate whether the officers possessed probable cause to stop Defendant (ground five) or to file a motion to suppress the gun and drugs (ground one) lack merit.

**B. Ineffective assistance of trial counsel based on the failure to timely assert a claim pursuant to *Batson v. Kentucky* and of appellate counsel for failing to raise the *Batson* issue on appeal**

Defendant alleges that the prosecutor struck the only African-American venireman in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712 (1986), and that his trial counsel was deficient in failing to assert an immediate objection in response. Defendant also alleges that his appellate counsel was ineffective for failing to raise the *Batson* issue on appeal. According to Defendant, his trial counsel's tardiness in raising the *Batson* challenge precluded the trial court from effectively addressing the problem.

This Court did criticize Defendant's trial counsel for failing to raise the *Batson* challenge immediately. (1/27/07 Trial Tr. at 62.) The Court, however, proceeded to evaluate the challenge and found that the prosecutor provided a credible and non-discriminatory reason for using a peremptory challenge to dismiss the African-American

prospective juror, as well as two non African-American veniremen.[2] (*Id*. at 63.) Thus even if counsel was deficient in failing to assert a *Batson* challenge earlier, there was no prejudice to Defendant's defense. For that reason, appellate counsel was not ineffective in failing to assert the *Batson* issue on appeal.

Defendant therefore is not entitled to relief based on the second and third grounds asserted in his motion.

**C. Violation of Defendant's rights under the Confrontation Clause based on the Government's failure to present the fingerprint analyst at trial and ineffective assistance of appellate counsel based on counsel's failure to ask the Sixth Circuit to hold Defendant's appeal in abeyance pending the Supreme Court's decision in *Melendez-Diaz***

In his sixth ground for relief, Defendant contends that his rights of confrontation and cross-examination were violated based on the Government's failure to call as a trial witness the fingerprint examiner who conducted the fingerprint analysis on the gun and drug contraband. Defendant raised this issue in his direct appeal. While Defendant's appeal was pending, the Supreme Court heard oral argument in *Melendez-Diaz v. Massachusetts*, where the petitioner claimed that his confrontation rights were violated because state laboratory analysts' certificates, rather than the analysts' testimony, were introduced to show that material seized by police and connected to the petitioner was cocaine of a certain quantity. 129 S. Ct. at 2530. Three months after the Sixth Circuit

[2]The prosecutor explained that he sought to remove all prospective jurors with experience in cases involving claims of police abuse, based on the anticipation that Defendant was going to assert excessive force. (1/27/07 Trial Tr. at 62-63.) According to the prosecutor, three prospective jurors (two non African-Americans and one African-American) indicated that they had such experience and he therefore used peremptory challenges to strike all three. (*Id*.)

issued a decision with respect to Defendant's direct appeal and rejected his Confrontation Clause claim, the Supreme Court held in *Melendez-Diaz* that the clause required the testimony of the analysts. *Id*. Defendant alleges in his fourth ground for relief that his appellate counsel should have moved to hold his direct appeal in abeyance until the Supreme Court issued its decision in *Melendez-Diaz*.

"It is . . . well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (1999) (citations omitted). As set forth earlier, on direct appeal the Sixth Circuit held that Defendant's rights under the Confrontation Clause were not violated by the introduction of fingerprint evidence without the fingerprint analyst's testimony because the evidence was offered by, not against, Defendant. 319 F. App'x at 356. The correctness of the Sixth Circuit's holding was not disturbed by the Supreme Court's decision in *Melendez-Diaz*. In other words, *Melendez-Diaz* did not constitute a change in the law holding that the Confrontation Clause has no application where the out-of-court statements at issue were offered by, not against, the accused. *See United States v. Cromer*, 389 F.3d 662, 671, 678 n.11 (6th Cir. 2004).

As a result, Defendant suffered no prejudice to his defense due to his counsel's failure ask the Sixth Circuit to hold his appeal in abeyance pending the Supreme Court's decision in *Melendez-Diaz*.

For these reasons, Defendant is not entitled to relief based on the fourth and six

grounds for relief asserted in his § 2255 motion.

**D. Ineffective assistance of trial counsel based on counsel's failure to call witnesses**

In his seventh and eighth grounds for relief, Defendant claims that his trial counsel was ineffective due to his failure to call two witnesses. According to Defendant, the first witness was at the scene and stated that she never saw Defendant throw a gun or drugs while being chased by the police. Defendant claims that the second witness would have testified that the seized gun belonged to the witness and not Defendant. Defendant fails to identify the potential witnesses, although he claims that he informed his trial counsel of who they were and defense counsel or counsel's investigator interviewed the witnesses before Defendant's trial.[3]

Defendant does not claim that his trial counsel failed to investigate the alleged potential witnesses. "[S]trategic choices made [by defense counsel] after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066. Further, Defendant fails to satisfy his burden of showing that counsel's failure to call the unidentified witnesses constituted deficient performance. Defendant offers nothing but his bare assertion of what these

[3]Relying on documentation provided by Defendant's trial counsel, the Government identifies Irvin Royale as the witness who Defendant claims would have testified regarding the ownership of the gun. (Govt.'s Resp. at 17 n.5 (citing Exs. 8, 9).) According to these documents (which are attached to the Government's response brief) Defendant indicated that Mr. Royale did not want to testify. (*Id*.) In any event, this Court is uncertain as to the relevancy of the documents to this case as they appear to relate to the investigation of a drive-by shooting in 2004 and witnesses to the shooting. (Govt.'s Resp. Exs. 8, 9.) The present matter arose from events on May 9, 2006, and, involved drug distribution.

witnesses would have said if they were called to testify. *See Tinsley v. Million*, 399 F.3d 796, 810 (6th Cir. 2005) (rejecting the petitioner's ineffective assistance of counsel claim based on a failure to call witnesses due to the petitioner's failure to "introduce[] affidavits or any other evidence establishing what they would have said"); *see also United States v. Bass*, 460 F.3d 830, 839 (6th Cir. 2006).

The Court therefore concludes that Defendant is not entitled to relief based on his claim that defense counsel provided ineffective assistance at trial as a result of his failure to call two individuals as witnesses.

## IV.     Conclusions

For the reasons set forth above, the Court concludes that Defendant is not entitled to relief based on the grounds asserted in his § 2255.

When a district court enters a final order adverse to a § 2255 movant, it must issue or deny a certificate of appealability. *See* Rule 11 of the Rules Governing Section 2255 Proceedings. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has provided that, to demonstrate entitlement to a certificate of appealability pursuant to § 2255, a movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. Daniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (internal quotation marks and citation omitted). Stated differently, the movant must show

"that reasonable jurists would find the . . . court's assessment of the constitutional claims debatable or wrong." *Id.* Reasonable jurists would not find this Court's assessment of the merits of Defendant's claims debatable or wrong.

Accordingly,

**IT IS ORDERED**, that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**;

**IT IS FURTHER ORDERED**, that Defendant is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

Date:  May 23, 2011                                         s/PATRICK J. DUGGAN
                                                            UNITED STATES DISTRICT JUDGE

Copies to:
John Roosevelt Miller, 40540-03
FCI Gilmer
Federal Correctional Institution
P.O. Box 6000
Glenville, WV 26351

AUSA Terrence R. Haugabook